# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

|  |  |
|---|---|
| Plaintiff, | Case Number: 07-11261 |
| v. | MARIANNE O. BATTANI<br>UNITED STATES DISTRICT COURT |
| ANDRE SAVAGE, | |
| | VIRGINIA M. MORGAN |
| Defendant, | UNITED STATES MAGISTRATE JUDGE |

and

UNISYS CORPORATION

Garnishee.

_____ /

## REPORT AND RECOMMENDATION DENYING DEFENDANT'S OBJECTIONS TO THE WRIT OF GARNISHMENT

Before the court are Defendant Andre Savage's objections to the writ of garnishment issued by the government to collect payments on his delinquent student loans. (Doc. No. 14). The government filed a response on May 26, 2010. (Doc. No. 19). The magistrate judge heard oral argument on June 15, 2010. For the reasons discussed below, the court recommends **DENYING** Savage's objections to the writ of garnishment.

## I. Background

In 2007, the government filed a complaint against Savage to collect on two student loans Savage obtained from Comerica Bank in 1985 and 1986. Savage defaulted on the student loans in 1988. Thereafter, unsuccessful collection attempts were made and the loans were assigned to the

1

Department of Education.

On July 5, 2007, the parties entered into a consent judgment in which Savage promised to pay $65.00 a month on the $5,162.18 owing. The consent judgment was entered by the court on July 11, 2007.

On April 27, 2010, the government filed an affidavit of non-compliance and requested that continuing writs of garnishment issues as to Savage and Unisys Corporation. The writs were issued and, thereafter, Savage requested a hearing on the requests for the writs. The Honorable Marianne O. Battani referred the hearing request to this court on May 11, 2010.

## II. Analysis

In Savage's request for a hearing on the writs of garnishment, he does not deny that he owes the debt or that he entered into a payment agreement with the government. Rather, Savage states that he is unable to make his payments because he is unemployed and is a full-time student. At oral argument, Savage admitted that he receives unemployment benefits in the amount of $362 a week. Also, the court notes that Savage is married and his wife is employed. The court acknowledges that Savage has monthly expenses, which he shares with his wife, but finds that his student loan payment of approximately $16 per week is a payment that he can reasonably afford, given his circumstances. Savage's objection to the garnishment, therefore, should be denied.

## III. Conclusion

For the reasons stated on the record and described in this report and recommendation, the court recommends that Savage's objection to the garnishment be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28

U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

SO ORDERED.


S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge


Dated: June 18, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Andre Savage via the Court's ECF System and/or U. S. Mail on June 18, 2010.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan